NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

LEO BEGAY, *Appellant.*

No. 1 CA-CR 18-0199
FILED 7-16-2019

Appeal from the Superior Court in Maricopa County
No. CR2016-127396-001
The Honorable Annielaurie Van Wie, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Offices of Stephen L. Duncan, P.L.C., Scottsdale
By Stephen L. Duncan
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

**C R U Z**, Judge:

¶1 Leo Begay was convicted of two counts of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs. After searching the record on appeal, Begay's counsel found no arguable question of law that is not frivolous and filed his brief in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Begay filed a supplemental brief. Accordingly, we now search the record for fundamental error. After reviewing the entire record, we affirm Begay's convictions and sentences.

**FACTS AND PROCEDURAL HISTORY**

¶2 As Phoenix Police Department officers responded to a call in the parking lot of an apartment complex, Begay drove a vehicle into the same parking lot. Begay parked the vehicle at an angle, adjacent to where officers were standing. Appellant staggered as he exited the vehicle from the driver-side door. Officers testified that Appellant had watery and bloodshot eyes, slurred his speech, continued to stagger as he walked, and had an odor of alcohol.

¶3 Appellant agreed to field sobriety tests but declined a breathalyzer test. After Appellant failed field sobriety tests, he was arrested.

¶4 An officer brought Appellant to a mobile unit designed for the investigation of crimes involving driving under the influence of alcohol ("DUI van"), where another officer completed an implied consent form and read Appellant his *Miranda* rights. There officers determined Appellant's driver's license was revoked. While an officer read Appellant his *Miranda* rights, Appellant interrupted him, stating, "[c]an I have an attorney here for the blood draw?" The officer finished reading the *Miranda* rights and explained to Appellant he could use a phone book and cell phone to call an attorney, which were both accessible in the DUI van.

¶5        Appellant did not call an attorney at any time, even after the officer encouraged him to do so.  Appellant then gave his verbal and written consent to the blood draw, but as the officer started to prepare for the blood draw procedure, Appellant recanted his consent.  The officers obtained a search warrant, served Appellant with the same and drew Appellant's blood.  After drawing Appellant's blood, the officer told Appellant he had the right to have an independent sample tested and explained that procedure.

¶6        Before trial, Appellant requested to waive his right to counsel. The court held a hearing and found that Appellant knowingly, intelligently and voluntarily waived his right to counsel, accepted the waiver, and appointed advisory counsel.

¶7        The superior court held an evidentiary hearing on Appellant's motion on right to counsel during the blood draw and denied the motion.  The court heard testimony from the Phoenix police officer who administered the blood draw in the DUI van, and argument from Appellant on his motion.

¶8        The jury found Appellant guilty of the two charges of aggravated driving or actual physical control while under the influence of intoxicating liquor, impaired to the slightest degree.  Appellant was found to have two prior felony convictions.  The court sentenced Appellant to concurrent prison terms of ten years each for Counts 1 and 2, with 586 days of presentence incarceration credit as to each count.

¶9        Appellant timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031 and -4033(A)(1).

**DISCUSSION**

I.      Issue Raised by Appellant

¶10        Appellant contends the superior court erred by denying his motion to dismiss, arguing that the police wrongly denied his request for counsel and "deprived him of acquiring exculpatory evidence."  We disagree.  We review a superior court's denial of a motion to dismiss for an abuse of discretion. *State v. Martinez*, 220 Ariz. 56, 58, ¶ 5 (App. 2008).  The superior court concluded that Appellant was not denied his right to counsel because police gave him the opportunity to use a phonebook and telephone to contact an attorney while in the DUI van from about 10:35 pm until 11:15 pm, but Appellant never chose to make a phone call.  Moreover, the court

considered Appellant's statement, "[c]an I have an attorney here for the blood draw?" And the court determined that his request was limited to the blood draw. In addition, Appellant was given an opportunity to contact an attorney. Also, after police advised Begay of his rights per *Miranda* he was not questioned further. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966) (suspect's statements made during an in-custody interrogation are only admissible if police have informed the suspect of his or her constitutional rights before questioning); *see also State v. Smith*, 193 Ariz. 452, 457, ¶ 18 (1999). Thus, the superior court did not abuse its discretion.

II.     Other Issues

¶11     We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300. Appellant received a fair trial. His right to self-representation was honored and he received the assistance of advisory counsel at all stages of the proceedings. Also, Appellant was present at all critical stages of his trial. The court held appropriate pretrial hearings.

¶12     The evidence presented at trial was substantial and supports the verdicts. The jury was properly comprised of eight members and the court properly instructed the jury on the elements of the charge, Appellant's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. The superior court received and considered a presentence report, Appellant was given an opportunity to speak at sentencing, and his sentence was within the range of acceptable sentences for his offense.

**CONCLUSION**

¶13     We affirm Appellant's convictions and sentences.

¶14     After the filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Defense counsel need do no more than inform Appellant of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶15**        Appellant has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review.  On the court's own motion, we also grant Appellant thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.



AMY M. WOOD • Clerk of the Court
FILED:   AA